IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CHRISTON COMPANY, INC. and ROANOKE REAL ESTATE, LLC, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:26-CV-01024 |
| ZURICH AMERICAN INSURANCE COMPANY, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**JOINT FEDERAL RULE OF CIVIL PROCEDURE RULE 26 REPORT**

Pursuant to Federal Rules of Civil Procedure 26(f) and this Court's September 1, 2026 Order, a meeting was held via telephone on September 21, 2026 and was attended telephonically by: Tim Hoch, Attorney for Plaintiffs Christon Company, Inc. and Roanoke Real Estate, LLC (together, "Plaintiffs"); and Todd M. Tippett, Attorney for Defendant Zurich American Insurance Company ("Defendant") (collectively, the "Parties" or "Counsel"). Counsel conferred regarding the nature and basis of their claims and defenses, the possibilities for prompt settlement or resolution, the disclosures required by Rule 26(a)(1), and to prepare the report below.

**(1) A brief statement of the claims and defenses;**

This is a first-party insurance dispute arising out of Plaintiffs' claim for coverage under a property insurance policy issued by Defendant for alleged hail/wind damage to Plaintiffs' property with a stated date of loss of May 27, 2024.

**Plaintiff:**

Plaintiffs own a commercial retail strip center located at 1108 N. US Highway 377, Roanoke, Denton County, Texas (the "Property"). Plaintiffs' Property was struck and severely damaged by wind and hail on March 14, 2024, and May 27, 2024. Defendant, as well as Defendant's adjusters and other consultants, failed to properly adjust the claim and failed to account for the full measure of damage caused by the storm. Plaintiff asserts claims against Defendant for breach of contract, violation of the Texas Prompt Payment of Claims Act (the "TPPCA"), statutory bad faith under Chapter 541 of the Texas Insurance Code, breach of the duty of good faith and fair dealing, and

violation of the Texas Deceptive Trade Practices Act (the "DTPA"). Plaintiff seeks actual damages, additional damages under the DTPA and Chapter 541, statutory interest under the Texas Prompt Payment of Claims Act and attorneys' fees and costs.

**Defendant:**

Defendant generally denies the substantive allegations in Plaintiff's Amended Complaint, including (without limitation) Plaintiffs' allegations that insurance proceeds, statutory penalties, interest, attorneys' fees, and/or litigation costs are owed to Plaintiffs in connection with the Claim.

Defendant denies all of Plaintiffs' allegations against it and maintains that it handled all aspects of this claim appropriately and in a timely manner. Defendant further asserts that Plaintiffs' claims in this lawsuit are barred by each of the defenses set forth and/or identified in Defendant's Answer to Plaintiffs' Amended Complaint, and any amendments thereto, including (without limitation) the various Policy terms, conditions, limitations, and exclusions identified therein.

**(2) The jurisdictional basis for the suit;**

Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332. At the time, there are no challenges to jurisdiction or venue.

**(3) The existence of any additional related cases and the appropriateness of consolidation;**

The Parties are not aware of any related cases, nor do they believe consolidation is appropriate.

**(4) Proposed deadlines for dispositive motions and objections to experts (i.e., *Daubert* and similar motions) (note: the dispositive-motion deadline cannot be less than 90 days before trial; the court prefers 120 days);**

The parties propose June 15, 2027 as the deadline for dispositive motions and objections to experts.

**(5) Whether the parties expect to provide expert reports under Rule 26(a)(2) and conduct expert discovery in this case;**

The parties expect that each side will provide expert reports under Rule 26(a)(2) and conduct expert discovery in this case.

**(6) A proposed plan and schedule for discovery, including a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to or focused upon particular issues;**

April 30, 2027, complete all discovery. The Parties do not believe discovery should be conducted in phases.

**(7) Whether document production should proceed by requests for production or mandatory disclosure;**

The parties agree that additional document production should proceed via requests for production.

**(8) Any proposed changes to the discovery limitations imposed by the Federal Rules of Civil Procedure, the Local Rules, and any other discovery limitations, including whether the parties should be required to disclose the legal theories and factual bases of their claims and defenses along with their Rule 26(a)(1) disclosures;**

None.

**(9) Proposed rules for disclosure or discovery of electronically stored information (ESI);**

The Parties do not anticipate any issues or disputes relating to the disclosure or discovery of ESI at this time. The Parties state they will work cooperatively to resolve any such dispute should they arise.

**(10) Any proposed means for the protection of trade secrets, confidential business information, or other proprietary information;**

The Parties do not anticipate any issues or disputes relating to the protection of trade secrets or confidential business information at this time. The Parties state they will work cooperatively to resolve any such dispute should they arise.

**(11) Any proposals regarding the handling and protection of privileged or trial-preparation material that should be reflected in a court order;**

None.

**(12) A proposed pretrial conference date, proposed trial date, estimated number of days required for trial, and whether a jury has been demanded;**

The Parties propose a date of September 27, 2027. Plaintiffs demanded a jury.

**(13) Objections to Rule 26(a)(1) asserted by either party, and other proposed modifications to the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;**

The Parties have no objections to Rule 26(a)(1) disclosures and have no proposed modifications at this time. The parties state that Rule 26(a)(1) disclosures have or will be made no later than 30 days after the submission of this Joint Report.

**(14) The parties' position on mediation or arbitration to resolve this litigation, including:**

- **Whether the parties believe mediation or arbitration would be helpful to settlement and if not, specific reasons why not;**

  The Parties believe that mediation will be helpful to settlement.

- **When during the litigation mediation or arbitration would be most effective (e.g., before discovery, after limited discovery, after discovery closes, after filing dispositive motions, etc.); and**

  The Parties believe that mediation will be most effective after limited discovery is conducted. The parties anticipate such limited discovery will include one to two fact witness depositions for each side and the exchange of written discovery.

- **Whether the parties prefer to mediate with a private mediator (at the parties' expense) or with a United States Magistrate Judge;**

  The Parties prefer to involve a private mediator. The parties have discussed potential mediators and do not anticipate any issues agreeing to one.

**(15) Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial;**

None.

**(16) Whether a conference with the court is desired;**

The Parties do not request a conference with the Court.

**(17) The status of settlement negotiations, which shall not disclose settlement figures;**

To date, the Parties have not substantively discussed settlement.

**(18) A statement that counsel for each party has reviewed the undersigned's order regulating practice (Doc. 4) and that counsel for each party understands that noncompliance with the Federal Rules of Civil Procedure, the court's local rules, or Judge Barker's standing orders may result in sanction or other disadvantage; and**

Both Parties state that they have reviewed the Court's Order regulating practice, and the Parties understand that noncompliance with the Federal Rules of Civil Procedure, the court's local rules, or Judge Barker's standing orders may result in sanction or other disadvantages.

**(19) Any other matters relevant to the status and disposition of this case, including any other orders that the parties propose for the court to issue under Rules 16(b) and (c) and 26(c).**

None at this time.

Respectfully submitted,

By: */s/ Timothy M. Hoch*
Timothy M. Hoch
Texas Bar No. 09744950
tim@hochlawfirm.com
**HOCH LAW FIRM, P.C.**
5616 Malvey Avenue
Fort Worth, Texas 76107
Telephone: (817) 731-9703
Fax: (817) 731-9706

**ATTORNEY FOR PLAINTIFFS CHRISTON COMPANY, INC. and ROANOKE REAL ESTATE, LLC**

-and-

By: */s/ Todd M. Tippett*
Todd M. Tippett
Texas Bar No. 24046977
ttippett@zellelaw.com
Thomas Papa
Texas Bar No. 24148617
tpapa@zellelaw.com

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, TX 75202
Telephone: 214-742-3000
Facsimile: 214-760-8994

**ATTORNEYS FOR ZURICH AMERICAN INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing has been served on the following counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on this 2nd day of October, 2026:

Timothy M. Hoch
Texas Bar No. 09744950
tim@hochlawfirm.com
**HOCH LAW FIRM, P.C.**
5616 Malvey Avenue
Fort Worth, Texas 76107
Telephone: (817) 731-9703
Fax: (817) 731-9706

**ATTORNEY FOR PLAINTIFFS CHRISTON COMPANY, INC. and ROANOKE REAL ESTATE, LLC**

*/s/ Todd M. Tippett*
Todd M. Tippett